IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19–CV–127–BR

| | |
|---|---|
| PAUL A. LEWIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MURPHY-BROWN, LLC, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Murphy Brown LLC's ("defendant") motion to dismiss Paul A. Lewis's ("plaintiff") *pro se* complaint. (DE # 20.) Plaintiff responded in opposition. (DE # 29.) Thereafter, defendant filed a reply. (DE # 33.) The motion has been fully briefed and is ripe for disposition.

**I.     DISCUSSION**

Plaintiff brings common law claims for nuisance and negligence,[1] seeking compensatory and punitive damages.[2] (See Compl., DE # 8, at 25–28.) Specifically, plaintiff alleges he grew up on a 106-acre farm in Eastern North Carolina, located in Bladen County. (Id. ¶ 15.) He contends his home is "approximately 600 yards, and less than one half a mile" from a farming operation and contract grower, Kinlaw Farms, (id. ¶¶ 35, 37), which houses defendant's swine, (id. ¶ 28). "Prior to the [d]efendant's hog operations arriving in or around 1995, it was quiet and peaceful on the [p]laintiff's property." (Id. ¶ 30.) However, "[i]t has not been possible to enjoy being outdoors at all since the [d]efendant's operations began." (Id. ¶ 31). Plaintiff contends he

---

[1] Plaintiff originally brought a third claim pursuant to 42 U.S.C. § 1983, which this court dismissed during frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). (See Order, DE # 9.)
[2] Plaintiff withdrew his request for injunctive and equitable relief in his response in opposition to defendant's motion to dismiss. (Resp. Opp'n, DE # 29, at 6.)

suffers various ailments and experiences changes in behavior from the proximity of defendant's swine operation. (Id. ¶¶ 32, 33.) Plaintiff suffers from "numerous chronic health conditions" (id. ¶ 17), which began around 2006, with a cardiac episode[,]" (id. ¶ 18). Plaintiff contends his "numerous health issues stem from living in close proximity to [d]efendant's hog farms, and from drinking and bathing in water from his property's well that was contaminated by [d]efendant's hog operation." (Id. ¶ 20.) Defendant moves to dismiss plaintiff's claims on various grounds, including Rule 12(b)(6). (Mem. Supp. Mot. Dismiss, DE # 21, at 3–4.)

"A district court should dismiss a complaint pursuant to [Federal Rule of Civil Procedure Rule 12(b)(6)] if, accepting all well-pleaded allegations in the complaint as true and drawing all reasonable factual inferences in the plaintiff's favor, the complaint does not allege enough facts to state a claim to relief that is plausible on its face." Vitol, S.A. v. Primerose Shipping Co., 708 F.3d 527, 539 (4th Cir. 2013). "[T]he court need not accept the [plaintiff's] legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (internal quotation marks and citation omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "To succeed on a statute-of-limitations defense at th[e 12(b)(6)] stage, all facts necessary to show the time bar must clearly appear on the face of the complaint." Dickinson v. Univ. of N. Carolina, 91 F. Supp. 3d 755, 763 (M.D.N.C. 2015) (internal citation and quotation marks omitted).

A.     **Nuisance Claim**

The North Carolina Right to Farm Act[3] states, in relevant part:

(a) No nuisance action may be filed against an agricultural or forestry operation unless all of the following apply:
   (1) The plaintiff is a legal possessor of the real property affected by the conditions alleged to be a nuisance.
   (2) The real property affected by the conditions alleged to be a nuisance is located within one half-mile of the source of the activity or structure alleged to be a nuisance.
   (3) The action is filed within one year of the establishment of the agricultural or forestry operation or within one year of the operation undergoing a fundamental change.

N.C. Gen. Stat. § 106-701 (2018).

Defendant contends plaintiff's nuisance claim is barred by all three provisions of the Right to Farm Act. (Mem. Supp. Mot. Dismiss, DE # 21, at 17.) In his complaint, plaintiff states that the Kinlaw Farms operation was established "in or around 1995." (Compl., DE # 8, ¶ 30.) Plaintiff did not file this suit until 2019, which is well over one year after the establishment of the subject operation.

In his response, plaintiff contends that defendant's removal of its swine from the Kinlaw Farms operation in 2018 qualifies as "a fundamental change," within one year of which he filed this action, thereby satisfying the third provision of the Right to Farm Act. (See Pl.'s Resp. Opp'n, DE # 29, at 2.) A de-escalation in the alleged nuisance—i.e., removal of defendant's swine, which plaintiff contends created the nuisance—is clearly not "a fundamental change" contemplated by this statute. See N.C. Gen. Stat. § 106-700 ("It is the purpose of this Article to *reduce* the loss to the State of its agricultural and forestry resources by *limiting* the circumstances under which an agricultural or forestry operation may be deemed to be a nuisance." (emphases added)). Furthermore, the statute defines "a fundamental change to the operation" to specifically

---
[3] Because this court sits in diversity, North Carolina law applies. See In re Muhs, 923 F.3d 377, 385 (4th Cir. 2019).

exclude "a change in ownership or size." N.C. Gen. Stat. § 106-701(a1). Therefore, plaintiff's nuisance claim will be dismissed as untimely filed.

**B.     Negligence Claim**

> N.C. Gen. Stat. § 1-52 . . . imposes a three-year statute of limitations for negligence actions. A cause of action based on negligence accrues when the wrong giving rise to the right to bring suit is committed, even though the damages at that time be nominal and the injuries cannot be discovered until a later date.

Scott & Jones, Inc. v. Carlton Ins. Agency, Inc., 677 S.E.2d 848, 853 (N.C. Ct. App. 2009) (internal citations and quotation marks omitted); accord N.C. Gen. Stat. § 1-52(16) (2019). "Once a defendant properly raises a statute of limitations defense, the plaintiff must show that she initiated the action within the applicable time period." King v. Albemarle Hosp. Auth., 809 S.E.2d 847, 849 (N.C. 2018) (internal citation omitted) (reviewing a trial court's 12(b)(6) dismissal of plaintiff's claims as time barred).

According to plaintiff's complaint, defendant's swine "arrived in or around 1995," (Compl., DE # 8, ¶ 30), and from that date on, he had to adapt his behavior at his family's property due to the alleged negligent practices of the defendant, (id. ¶ 33). Plaintiff claims he suffers health issues as a result of the practices at the Kinlaw swine operation, (id. ¶ 20), and that he began seeing doctors for his numerous ailments in 2006, (id. ¶ 19). At the latest, the statute of limitations expired in 2009, three years beyond the noticeable damage to his health that he attributes to the subject swine operation and 10 years prior to filing this suit.

However, plaintiff contends his negligence claim is timely:

> With regard to my negligence claim, again it is not time-barred. I went to an attorney in 2016. They sent me a form to fill out as shown in Exhibit A in order to become their client. Then they told me they would not represent me. When I finally filed my complaint in 2018,[4] pro se, because the law firm refuse to represent me,

---

[4] Plaintiff's application to proceed without prepaying fees or costs, to which his complaint was attached, as evidenced by the record, was filed on 16 July 2019. (DE # 1.)

4

> I filed it due to the nature of the continuing wrong actions and omissions committed by [d]efendant as set forth in my [c]omplaint.

(Pl.'s Resp. Opp'n, DE # 29, at 3.)

Whatever conversation occurred between plaintiff and an attorney in 2016 could not, in any way, equitably toll the statute of limitations on his negligence claim, as the alleged communications occurred at least seven years after the statute ran. Furthermore, plaintiff's complaint does not contain sufficient facts to apply the continuing harm doctrine. In his complaint, plaintiff alleges that he suffers continual ill effects from the swine operation at Kinlaw Farms, (Compl., DE # 8 ¶, 30), but he does not allege any continual acts during the three years before he filed suit, that defendant negligently committed which harmed him. See Stratton v. Royal Bank of Can., 712 S.E.2d 221, 229 (N.C. Ct. App. 2011) ("[I]n order for the continuing wrong doctrine to toll the statute of limitations, the plaintiff must show '[a] continuing violation' by the defendant that 'is occasioned by continual unlawful acts, not by continual ill effects from an original violation.'" (internal citation omitted)). Plaintiff's negligence claim will be dismissed as untimely.

## II. CONCLUSION

Defendant's motion to dismiss, (DE # 20), is ALLOWED. Plaintiff's complaint is DISMISSED. Defendant's pending motion to strike objectionable paragraphs in the complaint, (DE # 22), is DENIED AS MOOT. The Clerk is DIRECTED to close this case.

This 16 March 2020.

_____
W. Earl Britt
Senior U.S. District Judge